Citation Nr: 1313642 
Decision Date: 04/24/13 Archive Date: 05/03/13

DOCKET NO. 10-31 849A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Entitlement to service connection for sleep apnea with insomnia. 

2. Entitlement to service connection for an acquired psychiatric disorder, to include posttraumatic traumatic stress disorder (PTSD). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and D.M.




ATTORNEY FOR THE BOARD

R. Giannecchini, Counsel


INTRODUCTION

The Veteran had active military service from October 1982 to December 1991. 

These matters come to the Board of Veterans' Appeals (Board) on appeal following November 2011 and February 2012 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

In October 2012, the Veteran testified before the undersigned Veterans Law Judge during a videoconference hearing. A transcript of that hearing is of record. 

The claims are REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


REMAND

A review of the physical claims file reflects VA treatment records dated to August 2011. The Veteran's Virtual VA electronic file reflects VA treatment records dated to December 2011. It was requested during the October 2012 Board videoconference hearing that the Veteran's current VA treatment records be obtained. 

The RO attempted to upload the Veteran's most recent VA treatment records into his Virtual VA electronic file. A review of Virtual VA reflects that the RO uploaded the wrong veteran's VA treatment records. (The Board has taken steps to have the misfiled records removed.) As such, the RO should obtain and associate with either the physical claims file or Virtual VA electronic file the Veteran's VA treatment records dated since December 2011. 

Additionally, during his October 2012 videoconference hearing, the Veteran also reported that he first began receiving VA treatment for a sleep disorder in the late 1990s at the VA outpatient clinic (VAOPC) in Clarksville, Tennessee. A review of the claims file (to include Virtual VA) reflects VA records dated no earlier than January 2003. Therefore, the RO should also associate with the claims file any available VAOPC Clarksville treatment records dated prior to January 2003. Any response from the VAOPC Clarksville regarding these records should also include a comment concerning a search of any retired records or that no retired records exist, if applicable. 

With regard to the Veteran's claim for service connection for sleep apnea with insomnia, a review of the Veteran's STRs does not reflect any complaints or treatment for sleep apnea. While there is a Report of Medical Examination (RME) dated in August 1988 associated with the Veteran's STRs, there is otherwise no RME associated with the Veteran's separation from service. A report of June 1997 VA mental disorders examination notes the Veteran's complaints of sleep problems beginning "a couple of years ago." These problems included a lack of restful sleep. A report of June 1997 VA general examination reflects a normal chest, nose, sinuses, mouth, and throat. Medical evidence currently of record reflects that the Veteran was first diagnosed with sleep apnea in November 2005 based on a VA sleep study at that time. 

Following a July 2010 statement of the case, the Veteran submitted a September 2010 buddy statement from a fellow service member who reportedly slept in the same room as the Veteran while both were in the service. The service member described the Veteran's snoring and lack of breathing while sleeping. A review of the claims file does not reflect that the RO has considered the September 2010 buddy statement. The Board notes that when the agency of original jurisdiction (AOJ) receives pertinent evidence relevant to a claim properly before it, and the evidence is not duplicative of evidence already discussed in the statement of the case (SOC) or a supplemental statement of the case (SSOC), the AOJ must prepare an SSOC reviewing that evidence. 38 C.F.R. § 19.31(b)(1) (2012); see also 38 C.F.R. § 19.37(a) (2012). As such, remand is required to allow the RO to consider the September 2010 buddy statement in the first instance. 

Also, keeping in mind the low threshold required to show that a current disability may be associated with service, and in light of the September 2010 buddy statement regarding the Veteran's sleep apnea and it manifesting during service, the Board finds that the Veteran should be afforded a medical examination to obtain an opinion as to the possible relationship between his sleep apnea and service. McClendon v. Nicholson, 20 Vet. App. 79, 83 (2006); 38 U.S.C. § 5103A(d)(2) (West 2002). 

Accordingly, the case is REMANDED for the following action:

(For the benefit of the examiner providing the medical opinion, as discussed below in paragraph 3, the AOJ should not remove the Board's tabs in the claims folder.) 

1. Obtain and associate with the claims file the Veteran's VA treatment records dated since December 2011. 

2. Obtain and associate with the claims file any available VA treatment records from the Clarksville VAOPC dated prior to January 2003. Any search must include a search of Clarksville VAOPC retired/archived records, if appropriate. If records from the Clarksville VAOPC are unavailable, or the search for them otherwise yields negative results, this fact must be documented in the claims folder and the Veteran notified in accordance with 38 C.F.R. § 3.159(c)(2), (e)(1) (2012). 

3. Following the development above, return the claims file to the September 2011 VA examiner for an addendum to the report. Following a review of the claims file, the examiner should identify any current psychiatric disability present. If PTSD and or other additional psychiatric disability is found, indicate whether it is as likely as not (i.e., probability of 50 percent or greater), that it had its clinical onset during service or is otherwise related to service. A complete rationale for the opinion should be included. If the examiner is unavailable, the claims file should be referred to another examiner for the opinion. If deemed necessary, another examination should be accomplished. 

4. Schedule the Veteran to undergo a VA sleep disorders examination. The claims file must be reviewed by the examiner in conjunction with the examination. Any tests and studies deemed necessary should be conducted and the clinical findings should be reported in detail. 

The examiner's claims file review should include, in particular, the Veteran's STRs, reports of June 1997 VA examinations, as well as the September 2010 statement from the service member who reportedly slept in the same room as the Veteran during service. Following examination of the Veteran and review of the claims file, the examiner should offer his/her opinion as to whether it is more likely than not (i.e., probability greater than 50 percent), that any diagnosed sleep apnea had its clinical onset during service or is otherwise related to service. 

The medical basis for the conclusion reached should be thoroughly explained. 

5. After the above has been completed, undertake any additional evidentiary development deemed appropriate. Thereafter, conduct a de novo review and re-adjudicate the claims for service connection for sleep apnea and for PTSD on appeal. If the benefits sought are denied, the Veteran and his representative must be provided an SSOC and given an opportunity to respond before the case is returned to the Board for appellate review. 


The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires claims remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



______________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2012).


Department of Veterans Affairs